IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND<br><br>    Plaintiff<br><br>v.<br><br>E.C. NAUGHTON PAINTING CONTRACTORS, INC.<br><br>    Defendant | Civil Action No.<br>05-1612 (PLF) |

## DEFAULT JUDGMENT

In consideration of Plaintiff's Motion for Entry of Judgment by Default, the supporting Memorandum and Declarations, and this Court being duly advised in the premises, it is this ___ day of _____, 2005 ORDERED:

1. Plaintiff's Motion shall be and hereby is granted

2. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and ERISA, as amended, 29 U.S.C. § 1132(g)(2), final judgment shall be and hereby is entered for Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund"), and against Defendant, E.C. Naughton Painting Contractors, Inc. ("Company" or "Defendant"), in the amount of $6,135.80 which includes the following:

    (a)    Contributions in the amount of $2,392.95 for the period including August 2005 through October 2005.

    (b)    Interest on the unpaid contributions set out in ¶ 2(a) above through December 15, 2005 in the amount of $22.66. Interest on the unpaid contributions shall continue to accrue under 29 U.S.C. §1132(g)(2)(C)(i) and 26 U.S.C. §6621 from December 15, 2005 until the date they are paid.

162241-1

(c) Liquidated damages in the amount of $1,235.72.

(d) Late fees in the amount of $99.40.

(e) Attorneys' fees in the amount of $1,920.00 and costs in the amount of $465.07 through December 15, 2005.

3. Defendant, its owners, officers, agents, servants, attorneys, and all persons acting on its behalf or in conjunction with it shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which Defendant is obligated to do so under the collective bargaining agreement(s).

4. The Pension Fund shall have the right to conduct an audit of books and records for all relevant periods, including the time period from January 2002 through the date of the audit. Defendant, its owners, officers, agents, servants, employees and all persons acting on Defendant's behalf or in conjunction with Defendant, shall be and are hereby restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by the Pension Fund and shall produce all books and records requested by the auditor and/or the Trustees of the Pension Fund, including, but not limited to, payroll, wage, general ledger and cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Pension Fund. Defendant shall pay to the Pension Fund the cost of the audit together with any additional amounts found owing, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements and rules and regulations of the Pension Fund, ERISA and applicable law.

5.  If further action by Plaintiff to enforce this judgment is required, Plaintiff may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶ 2(d) above.

_____
PAUL L. FRIEDMAN, J.
United States District Judge

Copies of this Default Judgment shall be sent to:

Shelley R. Goldner, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683

E.C. Naughton Painting Contractors, Inc.
2059 Connecticut Avenue
Niagara Falls, New York 14305