UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>E.C. NAUGHTON PAINTING CONTRACTORS, INC.,<br><br>Defendant. | Civil Action No. 05-1612 (PLF) |

ORDER

The Court has before it plaintiff's motion for entry of judgment by default. The Court ordered defendant to show cause by January 3, 2006 why the Court should not enter a default judgment in favor of the plaintiff in this case. Defendant has failed to respond to the Court's Order. In consideration of plaintiff's motion for entry of judgment by default, and the supporting memorandum and declarations, it is hereby

ORDERED that plaintiff's motion for entry of judgment by default shall be and hereby is granted, it is

FURTHER ORDERED that pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and ERISA, as amended, 29 U.S.C. § 1132(g)(2), final judgment shall be and hereby is entered for plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund" or "plaintiff"), and against defendant, E.C. Naughton Painting Contractors, Inc. ("Company" or "defendant") in the amount of $6,135.80 which includes the following:

    i.    Contributions in the amount of $2,392.95 for the period August 2005 through October 2005;

  ii.  Interest on the unpaid contributions set out in ¶ 1 above through December 15, 2005 in the amount of $22.66.  Interest on the unpaid contributions shall continue to accrue under 29 U.S.C. § 1132(g)(2)(C)(i) and 26 U.S.C. § 6621 from December 15, 2005 until the date they are paid;

  iii.  Liquidated damages in the amount of $1,235.72;

  iv.  Late fees in the amount $99.40;

  v.  Attorneys' fees in the amount of $1,920.00 and costs in the amount of $465.07 through December 15, 2005; it is

FURTHER ORDERED that defendant, its owners, officers, agents, servants, attorneys, and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which defendant is obligated to do so under the collective bargaining agreement(s); it is

FURTHER ORDERED that the Pension Fund shall have the right to conduct an audit of books and records for all relevant period, including the time period from January 2002 through the date of the audit.  Defendant, its owners, officers, agents, servants, employees and all persons acting on defendant's behalf or in conjunction with defendant, shall be and are hereby restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by the Pension Fund and shall produce all books and records requested by the auditor and/or the Trustees of the Pension Fund, including, but not limited to, payroll, wage, general ledger and case disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Pension Fund.  Defendant shall pay to the Pension Fund the cost of the

audit together with any additional amounts found owing, plus such other amounts as are set forth in the collective bargaining agreement, the trust agreements and rules and regulations of the Pension Fund, ERISA, and applicable law; it is

   FURTHER ORDERED that if further action by plaintiff to enforce this judgment is required, plaintiff may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶ 5 above; it is

   FURTHER ORDERED that the plaintiff may apply to this Court or to the Court in which enforcement is sought for interest on the unpaid contributions which shall accrue under 29 U.S.C. § 1132(g)(2)(C)(i) and 26 U.S.C. § 6621 from December 15, 2005 until the date they are paid, and it is

   FURTHER ORDERED that this Order and Judgment shall constitute a FINAL JUDGMENT in this case.  This is a final appealable order.  <u>See</u> Rule 4(a), Fed. R. App. P..

   SO ORDERED.


            _____/s/_____
            PAUL L. FRIEDMAN
            United States District Judge

DATE:  January 19, 2006